UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 00-4396

TOMMY ARTHUR MILLS,
          *Defendant-Appellant.*



Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Margaret B. Seymour, District Judge.
(CR-99-845)

Submitted: September 29, 2000

Decided: October 19, 2000

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Carlyle Steele, Jr., Greenville, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Isaac L. Johnson, Jr., Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Tommy Arthur Mills pled guilty to possession of crack cocaine with intent to distribute, *see* 21 U.S.C.A. § 841(a) (West 1999), and was sentenced to a term of 210 months imprisonment and five years supervised release. On appeal, he challenges the district court's decision to deny him an adjustment for acceptance of responsibility, *see U.S. Sentencing Guidelines Manual* § 3E1.1 (1998), and its refusal to compel the government to move for a substantial assistance departure under USSG § 5K1.1, p.s. We affirm.[1]

Mills entered a guilty plea to possession of crack with intent to distribute after he participated in a sale of 115 grams of crack. The probation officer recommended against an adjustment for acceptance of responsibility because Mills denied being involved in the drug sale for which he was arrested. Mills claimed that the probation officer had simply misconstrued one of Mills' statements, and, moreover, had lost his temper and ended the interview prematurely. Accepting the probation officer's version of events, the district court found that Mills had not accepted responsibility. The district court's determination that a defendant has not accepted responsibility is reviewed for clear error. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). The defendant has the burden of showing by a preponderance of the evidence that he is entitled to the adjustment, and entry of a guilty plea is not in itself sufficient. *See United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). Mills argues that the district court clearly erred in accepting the probation officer's testimony concerning the presentence interview and discounting his contrary account. The issue is thus one of credibility, and the district court's determination that the probation officer was the more credible witness is not reviewable on appeal. *See United States v. Hobbs*, 136 F.3d 384, 390-91 n.11 (4th Cir. 1998). Given that the district court accepted the probation offi-

---

[1]We have considered the effect of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), and find that, because Mills received a sentence of imprisonment that did not exceed the statutory maximum set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000).

cer's account, it did not clearly err in finding that Mills had not accepted responsibility.

Mills' plea agreement did not promise a substantial assistance departure in return for his cooperation. At the sentencing hearing, however, he asserted that he was entitled to a departure motion because he had attempted to provide substantial assistance to law enforcement authorities after his arrest. He testified that he was frustrated in his efforts because the officer working with him was often unavailable when Mills contacted him. The officer testified that it was possible that Mills had called while he was hunting on his day off, but that, during the month that Mills was on bond so that he could cooperate,[2] Mills did not provide any useful information about drug dealers, or arrange a controlled buy, and he refused to provide information about certain people that the officer wished to pursue. The district court ruled that there was no basis for a substantial assistance motion.

When the government has not agreed to request a substantial assistance departure in return for the defendant's substantial assistance, a court may review the prosecutor's decision not to move for a departure only if the refusal is based on an unconstitutional motive or is not rationally related to a permissible government objective. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Maddox*, 48 F.3d 791, 796 (4th Cir. 1995). Before the court may inquire into the government's reasons, the defendant must make a "substantial threshold showing" of impropriety. *Wade*, 504 U.S. at 186. A description of the defendant's efforts to provide substantial assistance is not enough. *Id.* at 187. Mills failed to make the necessary threshold showing that the government's decision was not rationally related to a legitimate end, and he is not entitled to resentencing on this ground.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Mills was under home detention, but was permitted to leave his home during certain hours to associate with drug dealers and attempt to set up controlled buys.